Mohamed DIALLO, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 06–2244–AG.

United States Court of Appeals, Second Circuit.

Nov. 16, 2006.

Theodore Vialet, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Lisette M. Reid, Laura Thomas Rivero, Assistant United States Attorneys, Miami, FL, for Respondent.

Present: CHESTER J. STRAUB, BARRINGTON D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohamed Diallo, a native and citizen of Guinea, seeks review of an April 21, 2006 order of the BIA affirming the

September 20, 2005 decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mohamed Diallo,* No. A 98 582 060 (BIA Apr. 21, 2006), *aff'g* No. A 98 582 060 (Immig. Ct. N.Y. City Sep. 20, 2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the BIA and IJ found Diallo's testimony incredible because he was unable to explain numerous inconsistencies between his testimony and his written statement in support of his asylum application. Furthermore, Diallo was unable to explain inconsistencies between his testimony and the documentary evidence he submitted. These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, regardless of any errors in the IJ's ruling. *Zhou Yun Zhang,* 386 F.3d at 74.

Diallo has not meaningfully challenged the IJ's denial of his withholding of removal and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.